UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH ANDREW LYONS,

                Plaintiff,

          -against-

JOHN/JANE DOES,

                Defendants.

22-CV-00489 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jeremiah Andrew Lyons, who is appearing *pro se*, filed a three-page letter with 183 pages of exhibits on January 18, 2022. The Clerk of Court opened Plaintiff's submission as a new civil action, and Plaintiff paid the filing fees on January 19, 2022. The next day, on January 20, 2022, Plaintiff filed in this action the same three-page letter with 297 pages of exhibits. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff thirty days' leave to replead his claims.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797

(2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The

Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v.*

*Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and

citations omitted) (emphasis in original).

  Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d

6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of

Civil Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing

*Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements

of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550

U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual
> allegations, but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation. A pleading that offers labels and conclusions or a
> formulaic recitation of the elements of a cause of action will not do. Nor does a
> complaint suffice if it tenders naked assertions devoid of further factual
> enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal

conclusions from well-pleaded factual allegations, the court must determine whether those facts

make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff does not identify the individuals allegedly involved in the events that give rise to his claims. He also does not name any Defendants. In his letter, Plaintiff asserts that he is bringing claims against "the Government of the United States of America." (ECF No. 1 at 1.) He asserts further that it is "imperative to the health and well-being of my family particularly my two sons . . . . as well as to all people of New York state with implicit concern for their families and their fellow citizens." (*Id.*) Plaintiff's letter is not the model of clarity, and it is unclear how the 183 pages of attached exhibits relate to any claims that he is attempting to assert. It does appear from the letter and several of the attachments that Plaintiff's wife and minor children are residing in a domestic violence shelter as a result of allegations of Plaintiff's abuse. While several of the attachments to Plaintiff's letter suggest that there may be proceedings pending in the Bronx County Family Court, the status of these proceedings is unclear.

## DISCUSSION

### A.      Rule 5.2(a) of the Federal Rules of Civil Procedure

Plaintiff's letters and the attachments include the full names and full birthdates of his two minor children. Rule 5.2(a) of the Federal Rules of Civil Procedure requires that Court filings referring to such information include only: the last four digits of a person's Social Security number, the year of a person's birth, and the minor's initials. Fed. R. Civ. P. 5.2(a)(1) - (3). A person who fails to redact such information or file it under seal waives the protections of Rule 5.2 as to his or her own information. *See* Fed. R. Civ. P. 5.2(h).

Because Plaintiff's submissions reveal the full names and birthdates of Plaintiff's minor children, the Court directed the Clerk of Court to limit electronic access to the submissions (ECF Nos. 1, 2) to a "case-participant only" basis. Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

**B.      Rule 8 of the Federal Rules of Civil Procedure**

Although Plaintiff's complaint is short, it is not plain, and it fails to show that he is

entitled to relief. In fact, the Court cannot discern any claims that Plaintiff is attempting to assert.

The Court therefore concludes that Plaintiff's allegations fail to state a claim because they do not

allow a court "to draw the reasonable inference that the defendant[s] [are] liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.

Accordingly, the Court dismisses the complaint for failure to state a claim on which relief

may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Claims on Behalf of Others**

Plaintiff purportedly brings this action on behalf of his children and "all people of New

York state." The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two

types of representation: "that by an attorney admitted to the practice of law by a governmental

regulatory body, and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137,

139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.

1991)). As a nonattorney litigant appearing *pro se*, Plaintiff cannot represent anyone, including

his minor children, in this action. *See, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)

("[b]ecause pro se means to appear for one's self, a person may not appear on another person's

behalf in the other's cause"); *see also Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 125

(2d Cir. 1998) (*per curiam*) (minor children, "'are entitled to trained legal assistance so their

rights may be fully protected'") (quoting *Cheung*, 906 F.2d at 61); *Fauconier v. Comm. on

Special Educ.*, ECF 1:02-CV-1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) ("court

has an affirmative duty to enforce the rule that a non-attorney parent must be represented by

counsel when bringing an action on behalf of his or her child") (citing *Cheung*, 906 F.2d at 61);

Fed. R. Civ. P. 17(c) (infant or incompetent person may sue by his legal representative or

guardian *ad litem*); 28 U.S.C. § 1654 (parties may conduct own cases personally or by counsel).

The Court therefore dismisses without prejudice any claims Plaintiff asserts on behalf of his minor children and others.

## D.     Sovereign Immunity

Plaintiff's claims against "the Government of the United States of America" must also be dismissed. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.[1] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court therefore dismisses all claims brought against "the Government of the United States of America" under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## E.     Interference with State-Court Proceedings

Even if the complaint did comply with Rule 8, the Court cannot grant Plaintiff the relief he seeks because of the Anti-Injunction Act and the domestic relations abstention doctrine.

### 1.     Anti-Injunction Act

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.

---

[1] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged, however, do not suggest that the FTCA is implicated here.

2283. "[A]ny injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the United States Supreme Court. *Id.* The Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."[2] *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).

Plaintiff has alleged nothing to suggest that one of the exceptions to the Act's prohibition against federal-court intervention into state-court proceedings apply or allows that relief. The Court therefore dismisses Plaintiff's claims for injunctive relief as prohibited by the Anti-Injunction Act.

**2.    Domestic Relations Abstention Doctrine**

The domestic relations abstention doctrine requires this Court to abstain from exercising federal question jurisdiction over domestic relations issues, such as those implicated in Plaintiffs' claims. In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction over claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990) (holding that federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award

---

[2] As defined in the Act, the injunction to stay proceedings in a State court must (1) be expressly authorized by Act of Congress; (2) be necessary in aid of its jurisdiction; or (3) protect or effectuate its judgments. *See* 28 U.S.C. § 2283.

custody of a child . . . ." (internal quotation marks and citation omitted)).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject-matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. *See* 504 U.S. 689, 703 (1992).

In *Deem v. DiMella-Deem*, the Second Circuit held that, regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. *See* 941 F.3d 618, 621 (2d Cir. 2019). Thus, "[a]lthough the domestic relations '*exception*' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* (emphasis in original). Federal district courts must therefore abstain from exercising their federal-question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for lack of jurisdiction when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Here, Plaintiff appears to assert claims under the Court's federal question jurisdiction and asks this Court to either vacate or overturn state-court orders, or to otherwise intervene in child custody proceedings. Plaintiff's allegations do not suggest, however, that he was denied a full and fair hearing in the state courts. The Court must therefore abstain from exercising its federal question jurisdiction over Plaintiff's claims arising from the issuance of state-court orders and

their enforcement.[3] *See Deem*, 941 F.3d at 621-25 (affirming *sua sponte* dismissal under domestic relations abstention doctrine).

## F.   Leave to Replead

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiff can cure the deficiencies in the complaint, but in an abundance of caution, the Court grants Plaintiff thirty days' leave to replead his claims. The amended complaint must contain a short and plain statement showing that he is entitled to relief. The Court strongly encourages Plaintiff to limit the amended complaint to 20 pages and to bear in mind the legal principles explained above when preparing the amended complaint.

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff

---

[3] If there are proceedings pending in state court, Plaintiff's claims may also be barred by *Younger v. Harris*, 401 U.S. 37 (1971). When a family court proceeding that is "akin to a criminal proceeding" is ongoing, federal courts may be required to abstain, under the doctrine articulated in *Younger*, from adjudicating claims that interfere with such proceedings. *See Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (citing *Moore v. Sims*, 442 U.S. 415, 419-20 (1979) (applying *Younger* abstention where parents challenged ongoing proceedings to terminate their parental rights)).

wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[4]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Because Plaintiff's submissions reveal the full names and birthdates of Plaintiff's minor children, the Court directed the Clerk of Court to limit electronic access to the submissions (ECF Nos. 1, 2) to a "case-participant only" basis. Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

The Court dismisses the complaint for failure to state a claim on which relief may be granted.

---

[4] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

The Court grants Plaintiff thirty days' leave to replead his claims in an amended complaint that complies with the standards set forth above. An Amended Complaint form is attached to this order for Plaintiff's convenience.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    February 3, 2022
          New York, New York

                                                        /s/ Laura Taylor Swain
                                                        _____
                                                        LAURA TAYLOR SWAIN
                                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                            (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____          _____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.